■ STANTON BIVINS et al., Plaintiffs, v. CALVIN BIVINS, Defendant. GORDON SHERMAN, Appellant, v. CALVIN BIVINS, Respondent.— Appeal from a judgment entered on the verdict of a jury rendered at a Trial Term, Supreme Court, Sullivan County and appeals from orders of (1) Special Term, Supreme Court, Albany County and (2) Special Term, Supreme Court, Ulster County. These two actions arising out of the same automobile collision were tried together by order of the court. Stanton Bivins and Zita Bivins were passengers in a car driven by Calvin Bivins, which was in collision with a car driven by Gordon Sherman. The two Bivins passengers sued Calvin Bivins in one action; Sherman sued Calvin Bivins in the other action. The jury found against Bivins in the passengers' action; it found against Sherman in his action. This could be based on the jury's view that both drivers were negligent. Sherman

appeals. We think the finding of the jury that he was negligent is quite fully sustained by the weight of the evidence. The jury could find by Sherman's own testimony that Sherman approached a road intersection; he stopped; and then with Bivins' car 600 to 800 feet on his right, he started his car and continued out into Bivens' lane in low gear, at a speed of from two to five miles an hour, without taking account of the approach of Bivins' car. We would find no ground to disturb this verdict, which we regard justified on the merits of the case, were it not for the prejudice which we find resulted to appellant from the trial policy followed by respondent Calvin Bivins. In a prior action which the Bivins' passengers had instituted against Sherman, the latter's insurance company had made a settlement. The amount of that settlement would offset any damage that the Bivins' passengers could recover from Calvin Bivins. But in such a situation the proof of such payment on the trial of the action against Sherman could be, and here was, prejudicial to Sherman. In effect, it amounted to an admission by him to the jury of his liability; whereas his insurance company had made the settlement apparently beyond his control. Although these cases should have been tried together, since they all arose from the same accident, and the Special Term was right in the first order directing a joint trial and in the second order denying severance of the joint trial which had been directed, some protection in the actual conduct of the trial should have been provided against this prejudice which had been suggested by appellant before the trial began. This could have been done in several ways. It could have been agreed that if the Bivins recovered the jury should credit and deduct specific amounts from the damages found without elucidating to the jury as to the reason for this; or it could be stipulated, as appellant's lawyer suggested, that whatever verdicts were returned be reduced by the amounts the plaintiffs in the companion case had received. The refusal of counsel for any of the Bivins, plaintiffs or defendant, to consent to this simple and fair procedure could, in the discretion of the Trial Judge, have resulted in a mistrial and a direction for a new trial in Sherman's case. The practical situation of prejudice which confronted the Trial Term in the actual management of the trial was different from the prior decisions on joint trial and severance; and the Trial Judge was not bound by those decisions as a new and actual situation of probable prejudice developed on the trial. In the appellant's motion to set aside the verdict on the ground that the joint trial "has constituted severe and serious prejudice" the Trial Judge seemed to agree to this possibility but to feel he was bound by the prior orders. The Judge said: " Of course, that proposition may be true but this Court had no alternative, I could not set aside an order of another Justice." We think the defendant's policy on the trial was deliberately calculated, not merely to show that the plaintiff Bivins' damage had been offset, but to show the payment was admission by Sherman of liability. We think there should be a new trial. Appeals from the orders directing joint trial and denying severance dismissed as moot. Order denying motion to set aside verdict and judgment reversed on the law and facts and a new trial ordered, with costs to appellant to abide the event. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.